UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH R. SHAW,

Plaintiff,

vs.                              Case No.   2:08-cv-223-FtM-34SPC

FLORIDA DEPARTMENT OF CORRECTIONS;
DESOTO CORRECTIONAL INSTITUTION;
FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES; LIBERTY BEHAVIORAL HEALTH
CARE, INC.; FLORIDA CIVIL COMMITMENT
CENTER; RICK HARRY Executive
Director; CHARLES NORMAN Director of
Operations; STEPHEN A. MARANVILLE
Assistant Director of Operations;
ALFREDO FLORES Facility Security
Supervisor; DARBY ELLIS Unit
Manager; EUGENE CHISOLM Therapeutic
Community Coordinator; EZEKIEL F.
THOMAS Clinical Rec. Yard Staff;
KERI FITZPATRICK Clinical Rec. Yard
Staff; GEO GROUP-FLORIDA ATLANTIC
SHORES CORPORATION; TIMOTHY J. BUDZ
Executive Director; CHUCK LISTER
V.P. Security; FNU RICKETTE Captain
for D.O.C.; GEORGE EMANOILIDS Psy.D.
clinical Therapist; DR. MAJID SHAM
Clinical Director; KATHARINE BAYER
HAASE Clinical Multidisciplinary
Team Leader; JEFF RONE Security
Director; RICHARD GRANTHAM D.O.C.
Officer; BRENDA L. LEE-ALLEN
Therapeutic Safety Technician; DORIS
MATTISON Chaplain; JILL BRANCH
Security Director; GWENDOLYN BULLARD
Custody Officer; NOREEN CULLEN
Recreation Specialist; DR. ROBIN J.
WILSON Clinical Director; FNU
RITCHIE Shift Supervisor,

Defendants.

_____

FILED

2008 MAY 14  PM 2: 24

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT MYERS DIVISION

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**[1]

This matter comes before the Court upon periodic review of the file. Plaintiff, who is confined at the Florida Civil Commitment Center, initiated this action on March 14, 2008 by filing a Civil Rights Complaint with the Court. "Complaint," Doc. #1. Plaintiff did not accompany the filing of his Complaint with either the requisite filing fee or a motion to proceed *in forma pauperis* in this action. On April 16, 2008, the Court entered an Order directing Plaintiff within fifteen (15) days from the date of the Order, to either file an affidavit of indigence, which the Court provided with its Order, or pay the requisite filing fee. "Order," Doc. #4. The Court further notified Plaintiff that, if he failed to respond to the Order, the Court would dismiss this action **"without further notice."** Id. at 3, ¶4 (emphasis added). As of the date of this Order, Plaintiff has not paid the requisite filing fee, has not submitted an affidavit of indigence, and has not sought an extension from the Court to otherwise respond to the Order. The Order was apparently delivered to Plaintiff because it has not been returned as undelivered. Consequently, the Complaint is due to be dismissed.

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

Further, the Court takes judicial notice that Plaintiff has filed other civil actions in this Court in which he also failed to respond to the Court's orders directing him to pay the requisite filing fee or submit an affidavit of indigence, resulting in those actions' dismissals. <u>See</u> case numbers 2:07-cv-527 and 2;07-cv-446.

Therefore, it is now **ORDERED:**

1.   This case is **DISMISSED** without prejudice.

2.   The **Clerk of the Court** shall enter judgment dismissing this case without prejudice and shall close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of May, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record